**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leonard Wallner and Vicki Wallner,<br><br>    Plaintiffs,<br><br>vs.<br><br>Foremost Insurance Company et al.,<br><br>    Defendants. | No. CV 10-0884-PHX-NVW<br><br>**ORDER** |

      Federal courts may exercise removal jurisdiction over a case only if jurisdiction existed over the suit as originally brought by the plaintiff. 28 U.S.C. § 1441(a). The removing party bears the burden of establishing federal subject matter jurisdiction. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). District courts have diversity jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. If the amount in controversy is not facially evident from the complaint, the removing party must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold and may not rely on conclusory allegations. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090-91 (9th Cir. 2003); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). In deciding whether the amount in controversy exceeds the jurisdictional amount, the court may consider facts in the removal petition,

and may require the parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

In this case, it is not facially evident from the complaint that more than $75,000 is in controversy. In its removal petition, Foremost Insurance Company ("Foremost") alleges that the Wallners claim entitlement to the unpaid portion of the policy limits, which amounts to $78,184.08. However, the complaint does not state that the Wallners seek the entire balance of the unpaid policy limits. The complaint states that the Wallners seek "the unpaid portions of the insurance claim," which could simply mean that the Wallners seek compensation for actual loss up to the policy limits. Further, while the Wallners' prayer for relief for loss of income, emotional distress, punitive damages, and attorneys' fees is relevant to determining the amount in controversy, Foremost cannot rely on mere speculation that the Wallners' damages exceed the jurisdictional amount. Foremost must articulate why the particular facts that are alleged in this action might warrant extraordinary damages. *See Haisch v. Allstate Ins. Co.*, 942 F. Supp. 1245, 1249 (D. Ariz. 1996).

IT IS THEREFORE ORDERED that Foremost submit additional evidence by May 11, 2010, to establish that the amount in controversy exceeds the jurisdictional amount. The Wallners will then have until May 25, 2010, to respond.

DATED this 28th day of April, 2010.

_____
Neil V. Wake
United States District Judge